Weldon v. Keen.

CARRIE WELDON, appellant,

*v.*

OSCAR KEEN, respondent.

Where a mother was appointed guardian of her child, but failed to give the bond within the time limited by the court, and the court, without notice, appointed a stranger in her stead—*Held,* that the appointment of the latter was not warranted.

Appeals from decrees of Essex orphans court.

*Mr. T. N. McCarter,* for appellant.

*Mr. J. W. Taylor,* for respondent.

THE ORDINARY.

These appeals bring up for review two decrees of the orphans court of Essex county, one of November 28th, 1882, appointing the appellant guardian of her infant child (a boy of nine years old), provided she gave bond in the penalty of $120,000 on or before the 11th of December following, and the other of the 12th of December, 1882, reciting that she had failed to give the bond, and appointing the respondent (a stranger to the infant) guardian on his giving bond in the sum of $50,000. The appellant is the widow of Thomas Weldon, deceased. He died intestate in 1879, leaving personal and real estate. His property all went to his widow and her child, subject, of course, to his debts. It appears that the personal estate amounts to about $58,000, and the real produces a net annual rental of about $3,000. The appellant applied for letters of guardianship, and after very full examination of the subject, the orphans court appointed her on condition that she would give bond in $120,000 within a period of about two weeks from the date of the decree. The appointment of the respondent was made because and only because the appellant failed to give the bond within the limited time. It was made

the next day after the time expired. It was the duty of the court to fix the amount of the bond, and it was within its power to limit the time within which the bond was to be given. Though the law leaves the subject of the amount of the bond to the discretion of the court (*Rev. p. 762 § 48*), that discretion is, of course, a judicial one, and there may be error in its exercise no less in requiring too large a bond than in fixing the amount at an inadequate sum. That the amount of $120,000 was more than was requisite under the circumstances, appears not only from a consideration of the amount of the property of the infant subject to the control of the guardian, but also from the fact that the court fixed the amount of the bond to be given by the respondent at only $50,000. As before stated, the personal estate amounts to about $58,000, and the net annual rental of the real estate to about $3,000. The widow is entitled to one-third of each for her distributive share and dower, so that the infant's share of the personal property is about $38,600, and his proportion of the net annual rental of the real estate, $2,000. Inasmuch as every guardian is by law required to account yearly for all the money, goods and chattels he may receive, and all the rents, issues and profits of his ward's real estate in his possession (*Rev. p. 773 § 98*), and in case of his failure to account, any person interested in the estate, or any other person as next friend of any infant interested may cite him to account, it seems unnecessary to require, in this case, a bond in so large an amount as $120,000.

The failure of the appellant to give the bond within the required time is explained and excused by the testimony taken in this court, from which it appears that though the appellant was notified by the surrogate, by letter received on the 25th of November (three days before the decree was signed), that the court required her to give the bond "at once," neither she nor her proctor knew, until the day the respondent was appointed, that the court had fixed any time within which the bond was to be given. The decree was amended on the 12th of December (the day the respondent was appointed), by inserting therein a statement that the appellant had notice of the decree when it was made. Both the court and the surrogate thought that the appellant and her proc-

were present when the decree was made and signed, and ? the amendment; but the evidence shows that this was a ke. Both she and her proctor swear that they were not t, and that they did not know that the decree fixed any She testifies that she had obtained sureties to the amount of $80,000 as early as Thursday, the 30th of November, and was taken seriously ill on the Wednesday following. Her proctor testifies that he went to the orphans court on the 12th of December, and made application for further time on the ground of her illness, which still continued, but the motion was denied. It should have been granted. The record discloses no reason, and none appears, why the amount of the bond required of the appellant should' not have been reduced to the sum which the court fixed as sufficient security to be given by a stranger. Such a bond she could then have given, and could have given it as early as within two days from the date of her appointment. The court, in the exercise of its discretion, denied the guardianship to the mother, who was the only applicant, because she had not given a bond of $120,000, and gave it to a stranger on condition that he give a bond of only $50,000.

But further: the court, under the circumstances, could not lawfully appoint a stranger. The mother was not an improper person to be guardian herself. She had a brother (her proctor in the suit) who had a claim to the guardianship, after her, and there may have been others of the infant's kindred proper persons to be guardian, and able to give the required security. The mother, and after her the next of kin of the infant, are entitled to be appointed guardian of a minor under the age of fourteen years; and such claim cannot be disregarded, unless for some satisfactory reason. *Rev. p. 759 § 36; Read* v. *Drake, 1 Gr. Ch. 78; Albert* v. *Perry, 1 McCart. 540.* The appointment of the respondent was made without any notice to the mother or any of the next of kin of the infant, and so far as appears there existed no reason for disregarding the claims of the latter, even if the failure of the former to give the required bond of $120,000 within the limited time could, under the circumstances, be regarded as putting an end to her claims.

The decree appointing the respondent will be reversed, and that appointing the appellant will also be reversed, as to and only as to the amount of security and the time within which it is to be given. The amount of the bond will be fixed at $75,000, and the appellant will be required to give the bond in twenty days from the time of entering the decree on this decision. The costs of both sides and a counsel fee of $100 to the counsel of each side will be paid out of the infant's estate.